# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT DECK and CINDY DECK, on
behalf of themselves and all others
similarly situated,**
          **Plaintiffs,**

   v.                                                     Case No.  14-C-0299

**DAUBERT LAW FIRM, LLC,**
          **Defendant.**

---

## DECISION AND ORDER

Robert and Cindy Deck allege that Daubert Law Firm, LLC, violated the Fair Debt Collection Practices Act ("FDCPA") and the Wisconsin Consumer Act ("WCA") when it sent them dunning letters demanding payment of a debt allegedly owed to Nordstrom, Inc.[1] Each plaintiff received two letters from the Daubert firm.  The first letter demanded payment in the amount of $6,172.94.  The second letter, sent about one year later, demanded payment in the amount of $7,208.07.  The plaintiffs claim that the increase in the amount demanded represents illegal "post charge off interest."[2] Am. Compl. ¶ 28. The plaintiffs contend that by attempting to collect this illegal interest, the defendant violated the FDCPA and WCA.

The plaintiffs believe that others besides themselves received dunning letters from the Daubert firm stating an amount owed to Nordstrom that was "inflated" by illegal post-

---

[1]The dunning letters also referred to a firm known as Zwicker and Associates.  For purposes of the present motion, this detail can be ignored.

[2]The plaintiffs have not explained what post-charge-off interest is, or why charging it is illegal.

charge-off interest. Am. Compl. ¶ 32. They seek to have a class of all such persons certified under Federal Rule of Civil Procedure 23 and to be appointed as class representatives. Before me now is their motion for class certification.

One prerequisite to class certification is numerosity. This means that the proposed class representative must show that "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). Here, the plaintiffs have not met their burden to prove numerosity. The plaintiffs have pointed to no evidence suggesting that anyone other than themselves received a letter from the defendant stating an amount owed to Nordstrom that was inflated by the inclusion of allegedly illegal post-charge-off interest.

The plaintiffs' entire argument for class certification is based on the theory that because the defendant used "computer generated, standard form letters," many persons other than the plaintiffs must have received such letters. Br. in Supp. of Mot. to Cert. Class at 7. I will assume for the sake of argument that the plaintiffs have shown that the letters they received were computer-generated form letters and that one can infer from this that many other persons received similar letters. The problem for the plaintiffs is that their claim is not based on the language of the form letters but on the manner in which the defendant filled in the blanks of the form letters. That is, the plaintiffs do not allege that the form letters contained language violating the FDCPA or failed to include language that the FDCPA requires a debt collector to include in a dunning letter. Rather, the claim is that the defendant, when entering data into the form letters, included illegal interest in the amount owed. The fact that the plaintiffs received form letters in which the amount owed was inflated by illegal interest tells us nothing about whether other consumers might have received letters in which the amount owed was inflated by such interest. It does not, for

2

example, suggest that the defendant computed the amount owed, as stated in each letter, pursuant to some common method that it used when preparing letters to other consumers. And the plaintiff has no independent evidence showing that the defendants used any common method when computing the amount owed in each letter that resulted in every consumer receiving a letter in which the amount owed was inflated by allegedly illegal interest. Thus, there is no evidence indicating that the defendant subjected other consumers to the same misconduct that the plaintiffs believe they were subjected to.

In their motion, the plaintiffs note that they are in the process of taking discovery relating to class-certification issues, and that they anticipate they may find out that many other persons received dunning letters in which the amount owed was inflated by illegal interest. However, the time to take that discovery was <u>before</u> moving for class certification, not after. When a plaintiff moves for class certification, he must prove that "there are <u>in fact</u> sufficiently numerous parties," <u>Wal-Mart Stores, Inc. v. Dukes</u>, __ U.S. __, 131 S. Ct. 2541, 2551 (2011) (emphasis in original), not that further discovery might show that there are in fact sufficiently numerous parties. Thus, the plaintiffs cannot obtain class certification based on their own beliefs about what discovery that they have not yet taken might show. <u>See also</u> <u>Marcial v. Coronet Ins. Co.</u>, 880 F.2d 954, 957 (7th Cir. 1989) (stating that plaintiffs "cannot rely on conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity").[3]

---

[3] I note that the plaintiffs have not asked me to delay ruling on their motion for class certification until they have been able to complete discovery related to numerosity and the other prerequisites to class certification. <u>See</u> <u>Damasco v.Clearwire Corp.</u>, 662 F.3d 891, 896–97 (7th Cir. 2011) (stating that plaintiff may ask district court to delay ruling on class certification until plaintiff has been able to take discovery on factual matters relating to class certification).

In sum, the plaintiffs have not shown that the class they seek to represent is so numerous that joinder of all members is impractical. As far as the record reveals, the current plaintiffs would be the only members of the proposed class. Accordingly, **IT IS ORDERED** that their motion for class certification is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge